UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MARTY FITZGERALD, | Case No. 3:24-cv-00031-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RENO CRIME SUPPRESSION UNIT, *et al.*, | |
| Defendants. | |

Plaintiff Marty Fitzgerald brought this civil-rights action under 42 U.S.C. § 1983, claiming that his Fourth Amendment rights were violated when police officers used excessive force while arresting him. (ECF Nos. 3 at 3-5, 4.) United States Magistrate Judge Carla L. Baldwin screened his Complaint and dismissed it with leave to amend. (ECF No. 3.) Judge Baldwin granted Fitzgerald two extensions of time to file an amended complaint and then recommended the Court dismiss his case without prejudice when he failed to timely comply. (ECF No. 10 ("R&R").) Fitzgerald filed yet another motion for extension of time to file an amended complaint. (ECF No. 11.) The Court granted it, rejecting the R&R as moot, and gave Fitzgerald one more extension of time. (ECF No. 12.) But the Court warned Fitzgerald this would be his last extension of time and warned him the Court would dismiss his case with prejudice if he did not file an amended complaint by June 19, 2024. (*Id.*) Fitzgerald did not timely file an amended complaint, so, as further explained below, the Court will dismiss this case with prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Fitzgerald's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without an operative complaint, the only alternative is to enter another order setting another deadline. But Judge Baldwin and the Court have already given Fitzgerald several extensions, and he has never timely filed an amended complaint. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

In sum, having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed with prejudice based on Fitzgerald's failure to timely file an amended complaint in compliance with the Court and Judge Baldwin's prior orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

DATED THIS 24th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE